IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INSURANCE COMPANY OF NORTH
AMERICA; ZURICH SEGUROS, S.A.

Plaintiffs

v.

PUERTO RICO PORTS AUTHORITY;
PUERTO RICO HARBOR PILOTAGE
COMMISSION; SAN JUAN BAY
PILOTS CORPORATION; GEORGE
MAFFIOLI; FREDDY SOLIS;
TRANSPORT MUTUAL INSURANCE
ASSOCIATION LIMITED; A-Z
INSURANCE COMPANY; HARBOR
HOLDINGS & OPERATIONS, INC.;
REAL LEGACY ASSURANCE
COMPANY, INC.; NAVIGATORS
INSURANCE COMPANY; UNIVERSAL
INSURANCE COMPANY, INC.;

Defendants

PUERTO RICO HARBOR PILOTAGE
COMMISSION

Cross Claimant

v.

REAL LEGACY ASSURANCE
COMPANY, INC.;

Cross Defendant

CIVIL 05-2054 (ADC)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

CIVIL 05-2054 (ADC)                    2

This matter is before the court on motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by San Juan Bay Pilots Corporation (hereinafter "SJBP") on December 27, 2005.  (Docket No. 36.)  This matter was referred to me for a report and recommendation on November 29, 2006.  (Docket No. 172.)  Having considered the arguments of the parties, and for the reasons set forth below, it is my recommendation that SJBP's motion to dismiss be DENIED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

1.    On April 28, 2006, plaintiffs Insurance Company of North America (hereinafter "INA") and Zurich Seguros, S.A. (hereinafter "Zurich") (hereinafter collectively named as "plaintiffs") filed a first amended complaint.  (Docket No. 81.)  Jurisdiction is invoked pursuant to 28 U.S.C. § 1333 and supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367.  (Id. at 1-2, ¶¶ 1-2.)

2.    Plaintiffs allege that "[t]his maritime tort action involves compulsory pilotage mandated pursuant to section 4 of the Dock and Harbor Act of Puerto Rico of 1968 [P.R. Laws Ann. tit. 23, § 2412], and the grounding of the M/V KENT RELIANT at the entrance to the port of San Juan on September 18, 2003."  (Id. at 2, ¶ 5.)

---

[1]Paragraphs 1 through 11 are identical to those in Section I in Docket No. 189.

CIVIL 05-2054 (ADC)                    3

3.    Plaintiffs allege that they are "the subrogated insurance companies who paid their insureds under policies of marine cargo insurance.  The damages which are claimed herein arise from damage to the cargo, salvage, storage, transshipment, general average, and other recoverable expenses, damages and losses." (Id. at 4, ¶ 11.)

4.    Plaintiffs claim that the defendants jointly and severally caused the damages to the M/V Kent Reliant.  (Id. ¶ 12.)

5.    Plaintiff INA, an affiliate of ACE USA, is a corporation organized and existing by virtue of the laws of a jurisdiction outside of the Commonwealth of Puerto Rico, with its principal place of business in New York City.  The company engages, among other things, in the business of commercial marine insurance, including the cargo insurance on the shipments of rolls of paper carried aboard the M/V Kent Reliant.  (Id. at 4-5, ¶ 13.)

6.    Plaintiff Zurich is a division of Zurich Financial Services Group and is a corporation organized and existing by virtue of the laws of the Bolivarian Republic of Venezuela, with its principal place of business located in the City of Caracas. This company engages in, among other things, commercial marine insurance, including the cargo insurance on the shipments of bleached hardwood kraft pulp carried aboard the M/V Kent Reliant.  (Id. at 5, ¶ 14.)

CIVIL 05-2054 (ADC)                    4

7.    INA alleges that it "had issued an all risks open cargo policy of marine insurance on behalf of Price & Pierce International, Inc. (hereafter "Price & Pierce"), covering the risks of transportation of the said rolls of newsprint carried aboard the KENT RELIANT, including salvage and general average expenses." (<u>Id.</u> at 22, ¶ 63.)

8.    Zurich alleges that it "had issued an all risks open cargo policy of marine insurance on behalf of Manufacturas de Papel, C.A. (a/k/a MANPA) (hereafter "MANPA"), covering the risks of transportation of the said baled wood pulp carried aboard the KENT RELIANT under Bill of lading No. KLLM 60058374, including salvage and general average expenses." (<u>Id.</u> ¶ 64.)

9.    Zurich alleges that it "paid insurance proceeds to MANPA under its policy for cargo damage, salvage charges, transshipment and storage charges in the amount of $521,177.14." (<u>Id.</u> ¶ 65.)

10.   INA alleges that it "paid insurance proceeds to Price & Pierce under its cargo policy for cargo damages, salvage charges, transhipment, storage and administrative charges in the amount of $641,434.27." (<u>Id.</u> at 22-23, ¶ 66.)

11.   Plaintiffs claim that they "incurred in attorneys' fees, costs and litigation expenses in its attempt to have the KENT RELIANT respond for the said

CIVIL 05-2054 (ADC)                    5

losses which attorneys' fees, costs and litigation expenses are reasonably estimated at $75,000 as of this date." (<u>Id.</u> at 23, ¶ 67.)

12.   Plaintiffs assert that SJBP was "responsible for acquiring, maintaining and providing the pilot boats, skippers and crews of the pilot boats, pilot boat equipment; office facilities, office equipment, dispatching systems, communications equipment, and any other facility or equipment that was necessary and would support a modern, reliable and safe pilotage service for the purpose of rendering compulsory pilotage service to the KENT RELIANT." (Docket No. 81, at 10-11, ¶ 27.)

13.   Plaintiffs claim that "[o]n or before Wednesday, September 17, 2003 . . . San Juan Pilots and/or Harbor Holdings  . . .  knew, or should have known, that the next day, Thursday, September 18, 2003, the KENT RELIANT would be approaching the harbor entrance in the early morning hours and needed to be boarded by a pilot at approximately 0430 hours." (<u>Id.</u> at 13, ¶ 40.)

14.   Plaintiffs assert that "[o]n Thursday, September, 18, 2003, at approximately 0200 to 0300 hours, the KENT RELIANT contacted San Juan Pilots and reported that it had a 0430 ETA (estimated time of arrival) to be boarded by a pilot." (<u>Id.</u> at 13-14, ¶ 41.)

CIVIL 05-2054 (ADC)                    6

15.    Plaintiffs claim that during the KENT RELIANT approach it received
       communications from sources like San Juan Pilots about instructions to fulfill
       the compulsory pilotage.  (Id. at 14, ¶¶ 42-45.)

16.    Plaintiffs assert that "[d]uring the approach of the KENT RELIANT, the pilot
       on duty from San Juan Pilots and/or Harbor Holdings, Capt. Maffioli, never
       appeared and showed himself to the KENT RELIANT in order to provide the
       required pilotage service."  (Id. at 15, ¶ 47.)

17.    Plaintiffs claim San Juan Pilots is "at fault and/or negligent [because] . . .
       (Id. at 16-17 ¶ 54) [t]here was a lack of coordination and briefing between
       the pilots on the prior watch and those changing watch at 0430 hours." (Id.
       at 19, ¶ 54L.)

## II.  STANDARD OF REVIEW

       Rule 12(b)(6) allows a litigant to move for dismissal of an action for "failure
to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).
Dismissal under the rule is not appropriate "unless it appears beyond doubt that
the plaintiff can prove no set of facts in support of his claim which would entitle
him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In ruling upon a
Rule 12(b)(6) motion, the court must accept as true all the well-pleaded factual
allegations in the complaint and construe all reasonable inferences in favor of the
plaintiff. Perry v. New England Bus. Serv., Inc., 347 F.3d 343, 344 (1st Cir. 2003)

CIVIL 05-2054 (ADC)                    7

(citing <u>Beddall v. State St. Bank & Trust Co.</u>, 137 F.3d 12, 16 (1st Cir. 1998)).  The complaint should only be dismissed if it appears that, under the facts alleged, the plaintiff cannot recover under any viable theory.  <u>Campagna v. Mass. Dep't of Envtl. Protection</u>, 334 F.3d 150, 154 (1st Cir. 2003) (quoting <u>Nethersole v. Bulger</u>, 287 F.3d 15, 18 (1st Cir. 2002)).  Accordingly, to survive a 12(b)(6) motion, plaintiffs must present "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Romero-Barceló v. Hernández-Agosto</u>, 75 F.3d 23, 28 n.2 (1st Cir. 1996) (quoting <u>Gooley v. Mobile Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir. 1988)).  Even though all inferences must be construed in favor of the plaintiff, the court need not give weight to "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation . . . ." <u>Berner v. Delahanty</u>, 129 F.3d 20, 25 (1st Cir. 1997) (quoting <u>Correa-Martínez v. Arrillaga-Beléndez</u>, 903 F.2d 49, 52 (1st Cir. 1990)).

## III.  DISCUSSION

SJBP alleges that there is neither an independent cause of action nor a negligence claim against them, because plaintiffs' complaint stems from the doctrine of *respondeat superior* (vicarious liability) because of the fault of individual pilots which are their members.  (Docket No. 36, at 2, ¶ 3.)  However, I cannot assume that SJBP is solely an association and as such, may not be

CIVIL 05-2054 (ADC)                    8

responsible for the conduct of its members based on the *respondeat superior* doctrine.  At this juncture, and based on a basic reading of the complaint, it is my conclusion that plaintiffs have filed well-pleaded allegations against San Juan Bay Pilots that prevent the court from dismissing the complaint.  Since the standard on a motion to dismiss requires the court to draw all inferences in favor of plaintiffs, it is my recommendation that SJBP's motion to dismiss be denied.

Plaintiffs assert specific claims against this association and allege that they are in part responsible for the alleged unsuccessful compulsory pilotage that caused the grounding of the KENT RELIANT.  Therefore, it is my conclusion that there is a possible chain of events that involves San Juan Pilots and thus, the complaint cannot be dismissed as to them.

_____Thus, it is my recommendation that SJBP's motion to dismiss be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun.

CIVIL 05-2054 (ADC)                        9


Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 12th day of March, 2007.


S/ JUSTO ARENAS
Chief United States Magistrate Judge