IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INSURANCE COMPANY OF NORTH
AMERICA; ZURICH SEGUROS, S.A.,

Plaintiffs

v.

PUERTO RICO PORTS AUTHORITY;
PUERTO RICO HARBOR PILOTAGE
COMMISSION; SAN JUAN BAY
PILOTS CORPORATION; GEORGE
MAFFIOLI; FREDDY SOLIS;
TRANSPORT MUTUAL INSURANCE
ASSOCIATION LIMITED; A-Z
INSURANCE COMPANY; HARBOR
HOLDINGS & OPERATIONS, INC.;
REAL LEGACY ASSURANCE
COMPANY, INC.; NAVIGATORS
INSURANCE COMPANY; UNIVERSAL
INSURANCE COMPANY, INC.,

Defendants

PUERTO RICO HARBOR PILOTAGE
COMMISSION,

Cross Claimant

v.

REAL LEGACY ASSURANCE
COMPANY, INC.,

Cross Defendant

CIVIL 05-2054 (ADC)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

CIVIL 05-2054 (ADC)                            2

This matter is before the court on motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and (7), filed on July 14, 2006, by Real Legacy Assurance Company, Inc. (hereinafter "Real Legacy"). (Docket No. 109.) This matter was referred to me for a report and recommendation on November 29, 2006. (Docket No. 172.) Having considered the arguments of the parties, and for the reasons set forth below, it is my recommendation that Real Legacy's motion to dismiss be GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

1. On April 28, 2006, plaintiffs Insurance Company of North America (hereinafter "INA") and Zurich Seguros, S.A. (hereinafter "Zurich") (hereinafter collectively named as "plaintiffs") filed a first amended complaint. (Docket No. 81.) Jurisdiction is invoked pursuant to 28 U.S.C. § 1333 and supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367. (Id. at 1-2, ¶¶ 1-2.)

2. Plaintiffs allege that "[t]his maritime tort action involves compulsory pilotage mandated pursuant to section 4 of the Dock and Harbor Act of Puerto Rico of 1968 [P.R. Laws Ann. tit. 23, § 2412], and the grounding of the M/V KENT RELIANT at the entrance to the port of San Juan on September 18, 2003." (Id. at 2, ¶ 5.)

---

[1]Paragraphs 1 through 18 are identical to those in Section 1 of Docket No. 192 excluding footnote 2.

CIVIL 05-2054 (ADC)                            3

3. Plaintiffs allege that they are "the subrogated insurance companies who paid their insureds under policies of marine cargo insurance. The damages which are claimed herein arise from damage to the cargo, salvage, storage, transshipment, general average, and other recoverable expenses, damages and losses." (Id. at 4, ¶ 11.)

4. Plaintiffs claim that the defendants jointly and severally caused the damages to the M/V Kent Reliant. (Id. ¶ 12.)

5. Plaintiff INA, an affiliate of ACE USA, is a corporation organized and existing by virtue of the laws of a jurisdiction outside of the Commonwealth of Puerto Rico, with its principal place of business in New York City. The company engages, among other things, in the business of commercial marine insurance, including the cargo insurance on the shipments of rolls of paper carried aboard the M/V Kent Reliant. (Id. at 4-5, ¶ 13.)

6. Plaintiff Zurich is a division of Zurich Financial Services Group and is a corporation organized and existing by virtue of the laws of the Bolivarian Republic of Venezuela, with its principal place of business located in the City of Caracas. This company engages in, among other things, commercial marine insurance, including the cargo insurance on the shipments of bleached hardwood kraft pulp carried aboard the M/V Kent Reliant. (Id. at 5, ¶ 14.)

CIVIL 05-2054 (ADC)                              4

7.  INA alleges that it "had issued an all risks open cargo policy of marine insurance on behalf of Price & Pierce International, Inc. (hereafter "Price & Pierce"), covering the risks of transportation of the said rolls of newsprint carried aboard the KENT RELIANT, including salvage and general average expenses." (Id. at 22, ¶ 63.)

8.  Zurich alleges that it "had issued an all risks open cargo policy of marine insurance on behalf of Manufacturas de Papel, C.A. (a/k/a MANPA) (hereafter "MANPA"), covering the risks of transportation of the said baled wood pulp carried aboard the KENT RELIANT under Bill of lading No. KLLM 60058374, including salvage and general average expenses." (Id. ¶ 64.)

9.  Zurich alleges that it "paid insurance proceeds to MANPA under its policy for cargo damage, salvage charges, transshipment and storage charges in the amount of $521,177.14." (Id. ¶ 65.)

10. INA alleges that it "paid insurance proceeds to Price & Pierce under its cargo policy for cargo damages, salvage charges, transhipment, storage and administrative charges in the amount of $641,434.27." (Id. at 22-23, ¶ 66.)

11. Plaintiffs claim that they "incurred in attorneys' fees, costs and litigation expenses in its attempt to have the KENT RELIANT respond for the said

CIVIL 05-2054 (ADC)                                    5

losses which attorneys' fees, costs and litigation expenses are reasonably estimated at $75,000 as of this date." (Id. at 23, ¶ 67.)

12. Plaintiffs allege that Puerto Rico Pilotage Commission "is an autonomous agency created by Law No. 226 of August 12, 1999, as amended by Law No. 66 of April 11, 2000, [P.R. Laws Ann. tit. 23, §§ 361-361v], with the power to sue and be sued, vested with the jurisdiction and authority to license and regulate pilotage in Puerto Rico, establish traffic rules, adopt and promulgate maritime traffic regulations, and establish the limits for the marine pilots to board and disembark the ships requiring pilotage." (Id. at 6, ¶ 16.)

13. Plaintiffs claim that "Pilotage Commission exercised control and regulation over the rendering and performance of pilotage services in Puerto Rico, and specifically for the port of San Juan . . . ." (Id. at 9-10, ¶ 26.)

14. Plaintiffs affirm that the KENT RELIANT relied upon the Pilotage Commission "to provide the necessary vessel traffic control and pilotage services in order . . . to safely approach, and enter into the port of San Juan." (Id. at 15-16, ¶ 51.)

15. That at the time of his grounding, the KENT RELIANT "was under the exclusive marine traffic control and pilotage scheme designed, planned,

CIVIL 05-2054 (ADC)                                    6

managed, implemented and operated by defendants Ports Authority [and] Pilotage Commission, [among others]." (Id. at 16, ¶ 52.)

16. Plaintiffs assert that all defendants are "at fault and/or negligent, jointly and severally, while providing vessel traffic control and pilotage services related to the approach, manuvering [sic] and entry of the KENT RELIANT into the port of San Juan." (Id. ¶ 53.)

17. Specifically, plaintiffs claim that the Pilotage Commission is at fault and/negligent because it "failed to promulgate any marine traffic rules for the port of San Juan, as required by [Law. No. 226, § 5], and tolerated and/or fostered the practice whereby the pilots would assume the role of controlling vessel traffic in and out of San Juan harbor." (Id. at 16-18, ¶ 54(J).)

18. Plaintiffs also claim that Regulation No. 6384 dated December 27, 2001 and promulgated by the Pilotage Commission "places inbound vessels at risk." (Id. at 18-19, ¶ 54(K).)

19. Plaintiffs claim that Royal & Sunalliance Insurance Company, Inc., substituted by Real Legacy Assurance Company (Docket No. 97), is responsible "for the liability of the Pilotage Commission for the damages claimed by plaintiffs in this complaint." (Docket No. 81, at 7-8, ¶ 21.)

CIVIL 05-2054 (ADC)                              7

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows a litigant to move for dismissal of an action for "failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). Dismissal under the rule is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In ruling upon a Rule 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff.  Perry v. New England Bus. Serv., Inc., 347 F.3d 343, 344 (1st Cir. 2003)(citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998)). The complaint should only be dismissed if it appears that, under the facts alleged, the plaintiff cannot recover under any viable theory. Campagna v. Mass. Dep't of Envtl. Protection, 334 F.3d 150, 154 (1st Cir. 2003) (quoting Nethersole v. Bulger, 287 F.3d 15, 18 (1st Cir. 2002)). Accordingly, to survive a 12(b)(6) motion, plaintiffs must present "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n.2 (1st Cir. 1996) (quoting Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). Even though all inferences must be construed in favor of the plaintiff, the court need not give weight to "bald assertions, periphrastic circumlocutions,

CIVIL 05-2054 (ADC)                          8

unsubstantiated conclusions, [and] outright vituperation . . . ." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 52 (1st Cir. 1990)).

### III.  DISCUSSION

Real Legacy was brought to this complaint as the insurance company responsible for the claims against Pilotage Commission.  For the reasons set forth in my report and recommendation concerning Pilotage Commission's motion to dismiss, (Docket No. 192), Real Legacy's motion to dismiss must also be granted.

### IV.  CONCLUSION

Based on the foregoing, it is my recommendation that the Real Legacy's motion to dismiss be GRANTED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health &

CIVIL 05-2054 (ADC)                    9

Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 14th day of March, 2007.

                                              S/ JUSTO ARENAS
                                     Chief United States Magistrate Judge