IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INSURANCE COMPANY OF NORTH AMERICA, et al.,

Plaintiffs

v.

PUERTO RICO PORTS AUTHORITY, et al.,

Defendants

CIVIL 05-2054 (ADC)

### MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

This matter comes before the court on motion by co-defendant Universal Insurance Company, Inc. (hereinafter "Universal") for reconsideration of the district court's adoption of my report & recommendation denying Universal summary judgment against co-defendant Harbor Holding Operations (hereinafter "HHO"). (Docket No. 337.)

Having considered the arguments of the parties and for the reasons set forth below, I recommend that Universal's motion for reconsideration be DENIED.

On April 28, 2006, plaintiffs Insurance Company of North America and Zurich Seguros (hereinafter "plaintiffs") filed the first amended complaint wherein they alleged that on September 18, 2003, the vessel M/V Kent Reliant became grounded on the shallows of Isla de Cabras, West of Bar Channel at the entrance of the San Juan Bay. (Docket No. 81, at 3, ¶¶ 7-8.)

CIVIL 05-2054 (ADC)                2

The amended complaint held HHO "responsible for acquiring, maintaining and providing the pilot boats, skippers and crews of the pilot boats, pilot boats equipment[,] office facilities, office equipment, dispatching systems, communications equipment, and any other facility or equipment that was necessary and would support modern, reliable and safe pilotage service for the purpose of rendering compulsory pilotage service to the KENT RELIANT." (Docket No. 81, at 10-11, ¶ 27.)

The amended complaint alleged that several defendants, including HHO, were "negligent, jointly and severally, while providing vessel traffic control and pilotage services related to the approach, maneuvering and entry of the KENT RELIANT into the port of San Juan." (Docket No. 81, at 16, ¶ 53.)

Universal was the insurer for HHO during the relevant time period. (Docket Nos. 207-1, at 3, ¶ 10; 207-2.) The insurance policy issued by Universal excludes from coverage any "professional services" of any kind or nature rendered by HHO. (Docket Nos. 207-2; 207-3.) Specifically, an endorsed modifier in the policy reads:

> With respect to any professional services shown in the Schedule, this insurance does not apply to "bodily injury," "property damage," "personal injury," or "advertising injury" due to the rendering or failure to render any professional service.

(Docket Nos. 207-1, at 4-5, ¶ 19; 207-2; 207-3.)

CIVIL 05-2054 (ADC)				3

On April 12, 2007, Universal filed a motion for summary judgment wherein it argued claims against it should be dismissed because the policy it issued did not cover any damage cause by professional services rendered by HHO. (Docket No. 207-1, at 10.)

On May 18, 2007, HHO filed a response in opposition wherein it argued that the question of whether the services it rendered were "professional services" under the policy, and therefore whether the exclusion clause applies to the case at hand, remained material facts in controversy. (Docket No. 231, at 4, ¶ 2.)

On May 25, 2007, the plaintiffs filed an opposition to Universal's motion for summary judgment, arguing that HHO provided supporting services, rather than compulsory services, to the harbor pilots. (Docket No. 236.)

On July 16, 2007, I issued a report and recommendation denying summary judgment because "[n]one of the exhibits that were submitted by Universal provide[d] a definition of what services constitute professional services." (Docket No. 263, at 12.) Specifically, I found that (1) "Universal's endorsement did not provide any description of what type of professional services were not covered by the insurance policy" (id. at 11); (2) "the declarations page did not provide the necessary information needed to define specifically what type of professional services are excluded from coverage" (id.); and (3) "Universal . . . did not attach

CIVIL 05-2054 (ADC)            4

a complete copy of the insurance policy in the motion for summary judgement." (Id. at 11-12.)

On August 13, 2007, Universal filed its objections to my report and recommendation. (Docket No. 264.) Universal argued that (1) my finding that summary judgment be denied because it did not attach a copy of the complete insurance policy was incorrect (id. at 3-4); (2) contrary to my recommendation, HHO's actions fall under "professional services" (id. at 4-5); (3) "the only thing insured by HHO through [sic] Universal policy are the premises where its offices are located" and "exclude[s] from coverage Products Completed Operations" (id. at 6); and (4) HHO has another insurance policy with Navigators Insurance Company (hereinafter "Navigators") which covers the type of claims alleged in the complaint. (Id. at 8-9.)

On March 28, 2008, the court adopted my report and recommendation. (Docket No. 320.) The court noted that Universal's third and fourth objections, that the policy it issued only covers HHO's offices and excludes "products completed operations," and that HHO has another insurance policy with Navigators for the type of alleged damage, were actually arguments brought before the court for the first time. (Id. at 2.) As such, the court refused to consider them, noting that "[p]arties objecting to a report and recommendation

CIVIL 05-2054 (ADC)                    5

are not entitled de novo review of arguments never raised before the Magistrate-Judge." (Id. at 3.)

On April 11, 2008, Universal filed a motion for reconsideration. (Docket No. 337.) First, Universal argues that between the allegations in the first complaint and the "clarity" of the exclusion clause, Universal understood it would only be necessary that it "submit the portions of the policy that described the Common Policy Declarations and the Exclusion Clause." (Id. at 4.) Noting that in its adoption of my report and recommendation the district court deemed that Universal's refusal to provide a copy of the complete Policy "doomed" its argument for summary judgment, Universal has provided a complete certified copy of the policy. (Id. at 4-5.)

Second, Universal asks that the court reconsider whether Universal has argued "for the first time" that (1) the policy issued to HHO only covered its office premises and (2) HHO was insured with Navigators for the type of claims alleged in the complaint. (Id. at 5.) As to the whether the policy only covered HHO's office premises, Universal argues that since its Common Policy Declarations, which explain that "the only risk insured by HHO through Universal policy [sic] are the premises where its offices are located[,]" were included as Exhibit I to Universal's motion for summary judgment, then, apparently, this court should hold that such an argument was made all along. (Id. at 5-6.) Universal also seems to argue

CIVIL 05-2054 (ADC)                    6

that since it attached evidence bolstering its argument to its objections to the report and recommendation and to its motion for reconsideration, then this argument should not be deemed "new." (Id. at 5.) Universal makes no argument as to why the court should accept Universal's allegation that Navigators insured HHO for the type of claim alleged in the complaint, or why such an allegation should lead to granting Universal summary judgment.

Third, Universal argues that "all the arguments brought to the attention of the Chief Magistrate-Judge[1] in the Objection to the Report and Recommendation, were fully discussed in the Motion for Summary Judgment." (Id. at 6.) Universal fails to cite one place where the two arguments in question, (1) that the policy only covers HHO's office premises and excludes "products completed operations" and (2) that Navigators covers the type of claims alleged in the complaint, appear in its motion for summary judgment.

Universal then argues that, notwithstanding the above, the court's finding that these two arguments were brought unseasonably is incorrect because the cases cited in support of such a proposition are distinguishable from the case at bar. (Id. at 7.)

---

[1] Universal means the district court judge.

CIVIL 05-2054 (ADC)                              7

Universal argues it did not present the complete policy in its motion for summary judgment because it understood from the allegations in the first amended complaint and the clarity of the exclusion clause that presenting the Common Policy Declarations and the Exclusion Clause would be a sufficient evidentiary foundation for summary judgment.  Universal asks that we now reconsider denial of summary judgment in view of the fact that it has presented the complete policy.  However, motions for reconsideration need not be granted when new evidence is presented which was previously available.  See Palmer v. Champion Mortgage, 465 F.3d at 30; Silva Rivera v. State Ins. Fund Corp., 488 F. Supp. 2d 72, 76-77 (D.P.R. 2007); see also Emmanuel v. Int'l Bhd. of Teamsters, 426 F.3d 416, 422 (1st Cir. 2005) (motion for reconsideration properly denied when grounded on evidence that, in the exercise of due diligence, could have been presented earlier).  The proper time to present this evidence would have been in Universal's objections to my report and recommendation, when the district court judge "may also receive further evidence."  28 U.S.C. § 636(b)(1)(C).

Second, Universal argues that, since its Common Policy Declarations, which Universal alleges explain that "the only risk insured by HHO through Universal policy [sic] are the premises where its offices are located[,]" were included as an exhibit to Universal's motion for summary judgment, then, apparently, this court

CIVIL 05-2054 (ADC)                    8

should hold that such an argument was made all along.  Not only does a review of Universal's summary judgment motion show that no argument was made that the only thing insured by the policy were HHO's office premises, but a review of the exhibits attached to the motion also do not bare out such an argument.  While a phrase in small type does say "BUSINESS DESC:  OFFICES," the area just below it states:

> IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE INSURANCE AS STATED IN THIS POLICY.
> THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. . . .
> COMMERCIAL PROPERTY [PREMIUM] [$] 3,717
> **COMMERCIAL  GENERAL  LIABILITY**  [PREMIUM] [$]3,300. . . .

(Docket No. 207-2, emphasis added.)  This document does not show that the policy issued by Universal was *exclusively* for the coverage of HHO's office premises. If anything, the inclusion of "Commercial General Liability" in the policy evidences otherwise.

Universal alleges that because it has also supplied evidence of this argument in its objections to the my report and recommendation, then this argument should not be considered as "new." Such argument misses the point:  the argument is new because it was presented for the first time in Universal's objections to my report and recommendation.  Showing that evidence to support that argument

CIVIL 05-2054 (ADC)                              9

was presented along with it does not show such an argument was presented in a prior motion.

Universal alleges that Navigators insured HHO for the type of claims alleged in the complaint but does not support such an allegation. Arguments made in such a perfunctory manner are deemed waived. <u>Alan Corp. v. Int'l Surplus Ins. Co.</u>, 22 F.3d 339, 343-44 (1st Cir. 1994) (collecting cases).

Third, Universal argues that all the arguments brought to the attention of the district court judge in the objection to the report and recommendation, were fully discussed in the motion for summary judgment. However, not only does Universal not cite to any places in its motion for summary where such arguments were made, but a review of that motion similarly does not reveal these arguments.

Finally, Universal argues that the cases cited by the court in support of the proposition that Universal's arguments were presented unseasonably are distinguishable from the case at bar. However, this argument is misguided in that it is based on the idea that by "bringing to this Court's attention" that the policy Universal issued only covered HHO's office premises and that Navigators had insured a policy to cover the type of damage alleged int the complaint, Universal was merely "further explain[ing]" its argument that its denial of coverage to HHO

CIVIL 05-2054 (ADC)                    10

was based on the professional services exclusion.  (Docket No. 337, at 9.)  Such explanation, states Universal, "does not constitute a 'new argument[.]'"  (Id.)

As Universal itself points out, "[a] party has a duty to put its best foot forward before the magistrate:  to spell out its arguments squarely and distinctly.  One should not be allowed to defeat the system by seeding the record with mysterious references to unpled claims, hoping to set the stage for an ambush should the ensuing ruling fail to suit."  Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988).  The arguments Universal sets forth are the kind of ambush the First Circuit addressed in Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.  Universal claims that these arguments are simply "explanations" of different aspects of the same argument.  I disagree.  Not only are such arguments not an "explanation" of Universal's previous argument, but no evidence has been presented to show that such "explanations" are factual.

In view of the above, I find that Universal has not shown why the court's denial of its motion for summary judgment should be reconsidered.  Therefore, it is my recommendation that Universal's motion for reconsideration be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify

CIVIL 05-2054 (ADC)                              11

the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140 (1985); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13 (1st Cir. 1983); United States v. Vega, 678 F.2d 376 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

      At San Juan, Puerto Rico, this 30th day of April, 2008.

                                             S/ JUSTO ARENAS
                                 Chief United States Magistrate Judge